IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DENNIS PASPARAGE,                    )
                                     )
            Plaintiff,               )        Civil Action No. 2:21-cv-00729
                                     )        Magistrate Judge Maureen P. Kelly
            v.                       )
                                     )        Re: ECF No. 53
PROGRESSIVE SPECIALTY INSURANCE      )
COMPANY,                             )
                                     )
            Defendant.               )

## MEMORANDUM ORDER

Plaintiff Dennis Pasparage ("Plaintiff") was injured in a car accident caused by a negligent driver. ECF No. 63 ¶¶ 1, 2. The parties agree that the driver was at fault for the accident and agree that his insurer has tendered the full limits of his liability policy. Id. ¶ 2, 5. Through this breach of contract action, Plaintiff seeks additional recovery under the underinsured motorist ("UIM") provisions of his insurance policy, issued by Defendant Progressive Specialty Insurance Company ("Progressive"). The parties dispute the extent of Plaintiff's injuries that were caused by the accident, and Progressive has denied Plaintiff's UIM claim.

Progressive has filed a Motion in Limine seeking to preclude references at trial to Progressive as the named defendant. ECF No. 53. Progressive contends it would suffer unfair prejudice if a jury was aware of its relationship to this action. Thus, Progressive requests that the parties use the name of the non-party driver as the defendant. Progressive argues that the substitution is in accord with "the substantive law of the forum state – Pennsylvania," and the non-dipositive opinion issued by the Pennsylvania Superior Court in Stepanovich v. McGraw, 78

A.3d 1147 (Pa. Super. 2013), where the underlying tortfeasor was also a party to the action. ECF No. 54 at 2.

Plaintiff opposes the Motion.  He states that he does not intend to introduce evidence of Progressive's UIM coverage limits or the amount of the tortfeasor's liability insurance limits. However, Plaintiff argues that Progressive should remain as the named defendant so that the jury understands Progressive's role as an adverse party and the breach of contract claim for UIM benefits. ECF No. 68 at 3.

The United States Court of Appeals for the Third Circuit has held that absent exceptional circumstances not set forth in Progressive's Motion in Limine, parties to a lawsuit shall identify themselves in their pleadings in accordance with Federal Rule of Civil Procedure 10(a). Doe v. Megless, 654 F.3d 404, 408 (3d Cir. 2011). Rule 10(a) "illustrates 'the principle that judicial proceedings, civil as well as criminal, are to be conducted in public.'" Id. (citation omitted). "Identifying the parties to the proceeding is an important dimension of publicness. The people have a right to know who is using their courts." Id. In exceptional cases, courts have allowed a party to proceed anonymously, but the fact that a party may suffer economic harm is not enough. Instead, a party must show "both (1) a fear of severe harm, and (2) that the fear of severe harm is reasonable." Id. (citation and quotation marks omitted). "Examples of areas where courts have allowed pseudonyms include cases involving 'abortion, birth control, transexuality, mental illness, welfare rights of illegitimate children, AIDS, and homosexuality.'" Id. See, e.g., Strike 3 Holdings, LLC v. Doe, No. CV 21-3702-KSM, 2022 WL 1214170, at *2 (E.D. Pa. Apr. 25, 2022) (district court granted defendant's motion to proceed anonymously in copyright infringement action involving claims that defendant illegally downloaded adult films after applying Megless factors

and finding that the claims touch on defendant's sexuality and could negatively affect current employment).

In this case, Progressive has identified itself in its pleadings in accordance with Rule 10(a). However, without reference to the <u>Megless</u> factors, Progressive now seeks to shield its identity from the jury because of a broadly alleged fear of an inflated jury verdict. ECF No. 54 at 4 (citing <u>Thomas v. Allstate Ins. Co.</u>, No. 3:19-cv-222, 2021 WL 287906 (S.D. Miss. July 8, 2021), and citing <u>Lindfors v. State Farm Mut. Auto. Ins. Co.</u>, No. 20-178, 2022 WL 1241399, *5 (D. Alaska Apr. 27, 2022).[1]  In support, Progressive cites <u>Paxton Nat. Ins. Co. v. Brickajlik</u>, 522 A.2d 531

---

[1] As follows, the Court must note that Progressive's brief misrepresents the facts or holding of nearly all cases cited in support of its argument. Apart from the state court decision in <u>Bardis v. First Trenton Ins. Co.</u>, 971 A.2d 1062 (N.J. 2009), and absent a state law specifically providing for party substitution of a UIM carrier, none of the remaining cited cases stand for the proposition that a non-party with no interest in the outcome may be identified as the sole defendant to shield an insurer's identity.

In <u>Lindfors</u>, the district court did not hold that the insurer's name would be substituted. Instead, the district court held that the insurer's <u>status as the plaintiff's insurer and all references to the insurance policy would be excluded</u>. "Here, because State Farm is the only defendant, the adversarial relationship between the parties will be clear to the jury; therefore, the Court will not permit any reference to State Farm's <u>status as Ms. Lindfor's insurer</u> in Phase I [of the bifurcated damages and bad faith trial] unless application is first made outside the presence of the jury." <u>Id.</u> 2022 WL 1241399 at *5 (emphasis added).

In the remaining cited cases, either the tortfeasor/driver was a named defendant represented by counsel and contesting liability, or was substituted as the named party in lieu of the insurer under an applicable state statute.

In <u>Thomas</u>, <u>the tortfeasor was a named defendant and her underlying negligence was at issue</u>. Thus, the district court ruled that references to Allstate were properly excluded because the tortfeasor <u>was also a defendant</u> and exclusion of references to the insurer would permit the jury to properly focus on the issue of damages without concerns of fighting "an 'invisible' defendant." <u>Thomas</u>, 2021 WL 2877906, *2. <u>Heflin v. Merrill</u>, 154 S. 3d 857, 861 (Miss. 2014), also involved a lawsuit where the underlying tortfeasor was a named defendant, as did <u>Tutlo v. Goodman</u>, 968 A2d 432 (Conn. App. 2009), and <u>Handley v. Farm Bureau Mut. Ins. Co.</u>, 467 N.W.2d 247 (Iowa 1991). In <u>Tidmore v. Fullman</u>, 646 P.2d 1278 (Okla. 1982), the plaintiff named as defendants both the tortfeasor and his own carrier, but also sought to place before the jury the name of the tortfeasor's insurer and the limits and terms of all applicable policies.  The tortfeasor's insurer was not a party to the suit, and the plaintiff had no contractual right to maintain a claim against it. Finding the potential for prejudice to the UIM carrier, the Supreme Court of Oklahoma held that the case could proceed before the jury only in the name of the party-tortfeasor.

The district court in <u>Macci v. Allstate Ins. Co.</u>, 917 A.2d 634 (D.C. 2007), noted that pursuant to Virginia law, specifically, Va. Code Ann. § 38.2-2206, an insurer sued for UM benefits "shall then have the right to file pleadings and take other action allowable by law in the name of the owner or operator of the uninsured … motor vehicle or in its own name."  The same result <u>for the same reason</u> occurred in <u>Webster v. Harris</u>, 727 S.W.2d 248 (Tenn. App. 1987) (citing Tenn. Code Ann. § 56–7–1206, which specifically permits a UM carrier to "file pleadings and take other action allowable by law in the name of the owner and operator of the uninsured motor vehicle or in its own name"); and in <u>Church v. Allstate Ins.Co.</u>, 547 S.E.2d 458, 458 (N.C. App. 2001) (citing N.C. Gen. Stat. Ann. § 20-279.21

(Pa. 1987), which involved an insured's breach of a contractual duty to cooperate in a subrogation action to recoup losses paid. The policyholder refused to permit the insurer to proceed against a third party in his name. The Pennsylvania Supreme Court concluded that the insured was in material breach of the policy because subrogation actions "would almost certainly be stronger if filed in the name of the insured," and use of his name would ward off a jury's temptation to render a decision "based upon the extraneous consideration that an insurance company will actually pay the bill." Id. at 533 (citation omitted).

 Here, Progressive fails to provide any binding or persuasive authority permitting it to shield its identity by placing before the jury the name of an individual who is not a party to the UIM policy, not under any obligation pursuant to a policy, and who has no legal obligation with respect to the instant litigation.

---

("the underinsured motorist insurer shall have the right to appear in defense of the claim without being named as a party therein, and without being named as a party may participate in the suit as fully as if it were a party).

Progressive also misrepresents the holding in Haas v. Freeman, 693 P.2d 1199, 1203 (Kan. 1985), where the plaintiff sued both the underinsured tortfeasor and his UIM carrier. The UIM carrier was dismissed, and the plaintiff appealed. The Kansas Supreme Court held that despite the laudable goal of litigating all issues in one trial, a UIM carrier may elect not to participate or intervene in case brought against the tortfeasor, but will be bound by the result.

> In the underinsured motorist case there is always an active opposing party and his insurer. Also the fact of underinsurance is an unresolved issue. To require both insurance carriers to be party defendants would present a confusing panorama to the jury and could so overemphasize the insurance feature of the lawsuit the real issues would become unimportant. For these reasons we hold in an action involving an underinsured motorist, the parties shall proceed as follows:

> When the litigant determines the opposing party's liability coverage is below his liability coverage as well as the amount of damages claimed, and he wishes to invoke the underinsured motorist clause of his insurance policy, he shall notify his insurance carrier in the manner prescribed in the insurance policy.

> The insurance company may then intervene in the case at its election. If it elects to intervene, it shall be a named party to the action. If the insurance company elects not to intervene, K.S.A. 60–454 [Kansas's version of Rule 411] is applicable. In either case the litigant's underinsured motorist insurance carrier is bound by any judgment obtained in the action.

Id. at 1203–04. Again, the tortfeasor was a named party and his liability was actively litigated at trial.

The Court appreciates Progressive's candor in disclosing that this identical motion was recently denied by United States Magistrate Judge Lisa Lenihan in <u>Waugh v. Progressive Specialty Ins. Co.</u>, 20-cv-2033 (W.D. Pa. Sept. 29, 2022).  Judge Lenihan determined that, as explained in <u>Stepanovich</u>, the prohibition to introducing evidence of liability insurance set forth in the Pennsylvania Rules of Evidence has no application in an underinsured motorist coverage action where the negligence of the tortfeasor is not at issue. The Pennsylvania rule mirrors Federal Rule of Evidence 411, which provides that "[e]vidence that a person was or was not insured against liability is not admissible <u>to prove whether the person acted negligently</u>. <u>Id.</u> (emphasis added). Thus, in <u>Schwendinger-Roy v. State Farm Mut. Auto. Ins. Co.</u>, No. 11-445, 2012 WL 13034915 (W.D. Pa. Jul. 10, 2012), United States District Judge Cathy Bisssoon denied a similar motion by a UIM carrier finding that "[r]egardless of academic argument as to whether a jury is likely to assess greater damages against a deep-pocket insurance company, … Rule 411 simply is not a mechanism providing for an outright substitution of parties so that the identity of a party as an insurer may be shielded." <u>Id.</u> (citing <u>King v. State Farm Mut. Auto. Ins. Co.</u>, 850 A.2d 428, 432-36 (Md. App. 2004) (trial court committed reversible error by allowing UIM insurer to litigate anonymously.)).

Progressive briefly invokes Federal Rule of Evidence 403, which provides that "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of … unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. Like Rule 411, Rule 403 is not a mechanism to permit a party to proceed anonymously or in the name of a non-party and, under <u>Doe v. Megless</u>, runs counter to the general right of the public to know the identity of those who

come before the Court. Absent exceptional circumstances not set forth by Progressive, the requested relief is not warranted.

Finally, the Court notes that any potential prejudice to Progressive proceeding in its own name is offset by the Plaintiff's agreement not to introduce evidence of the UIM policy limits and the amount of the underlying liability payments received.

For each of the foregoing reasons, IT IS HEREBY ORDERED that the Motion in Limine filed on behalf of Progressive Specialty Insurance Company, ECF No. 53, requesting to litigate this action in the name of the tortfeasor and that it not be identified as an insurer is DENIED.

MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE

Dated: January 13, 2023

cc:     All counsel of record by Notice of Electronic Filing

6