IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DENNIS PASPARAGE, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>PROGRESSIVE SPECIALTY INSURANCE )<br>COMPANY, )<br>)<br>Defendant. ) | Civil Action No. 2:21-cv-00729<br>Magistrate Judge Maureen P. Kelly<br><br>Re: ECF No. 57 |

# MEMORANDUM ORDER

Plaintiff Dennis Pasparage ("Plaintiff") was injured in a car accident caused by a negligent driver. ECF No. 63 ¶¶ 1, 2. The parties agree that the driver was at fault for the accident. Id. ¶ 2. Through this breach of contract action, Plaintiff seeks additional recovery under the underinsured motorist ("UIM") provisions of his insurance policy, issued by Defendant Progressive Specialty Insurance Company ("Progressive"). The parties dispute the extent of Plaintiff's injuries that were caused by the accident and, as a result, Progressive has denied Plaintiff's UIM claim.

Progressive has filed a Motion to in Limine seeking to preclude Plaintiff's assertion of a claim for a hernia injury that Plaintiff alleges was caused by the accident. Progressive states that Plaintiff fails to present sufficient evidence connecting the October 4, 2018 accident to the development of a hernia first complained of on March 14, 2019. ECF No. 57. Plaintiff responds that despite the absence of expert medical testimony relating the hernia to the accident, his medical records confirm that in March 2019 he complained of intermittent left groin pain with an onset that coincided with the accident. Therefore, he argues that he should be permitted to testify about his symptoms and their onset to establish the necessary causal connection. ECF No. 69.

The parties do not dispute that Pennsylvania law applies. In Schweikert v. Eagle, No. 20-cv-4310, 2022 WL 394751, at *3 (E.D. Pa. Feb. 9, 2022), the district court summarized the burden of proof required under Pennsylvania law related to the issue of damages.

> Pennsylvania common law requires plaintiffs to prove the existence of a causal relationship "between the injury complained of and the alleged negligent act to be entitled to recover for the injury." Lattanze v. Silverstrini, 448 A.2d 605, 608 (Pa. Super. Ct. 1982). In most circumstances, a plaintiff must prove causation by expert medical testimony. Id. However, there is exception to this rule where there is an obvious causal relationship between the injury and the alleged negligent act. Id. When an obvious causal relationship exists, expert medical testimony is unnecessary. Smith v. German, 253 A.2d 107, 109 (Pa. 1969).
>
> An obvious causal relationship is present "where the injuries are either an 'immediate and direct' or the 'natural and probable' result of the alleged negligent act." Id. (quoting Tabuteau v. London G. & A., Ltd., 40 A.2d 396 (Pa. 1945); and Fenstermaker v. Bodamer, 171 A.2d 641 (Pa. 1961)). "The two must be so closely connected and so readily apparent that a layman could diagnose (except by guessing) the causal connection...." Smith, 253 A.2d at 109. Typically, cases with an obvious causal connection share two common characteristics: (1) the plaintiff began exhibiting symptoms immediately after the accident or in a short time thereafter, and (2) the injury complained of was the type one would reasonably expect to result from the accident in question. Lattanze, 448 A.2d at 223–24.
>
> Where an injury is delayed or would not reasonably result from the negligent act, courts have declined to find an obvious causal relationship. See, e.g., Casper v. Halstead, No. 3714 EDA 2015, 2017 WL 838474, at *4 (Pa. Super. Ct. Mar. 3, 2017) (holding that obvious causal relationship did not exist because an individual involved in a car accident "stated that he 'felt fine' immediately after the accident," "did not remember if he hit his leg during the impact," and "did not seek medical attention until five or six days later."); Albert v. Alter, 381 A.2d 459, 469–471 (Pa. Super. 1977) (finding no obvious causal relationship for a back injury occurring after a collision between a tractor-drawn haywagon and a car where "[s]ometime subsequent to the accident," the appellant developed lower back pain despite only reporting of foot and leg fractures initially after the collision).
>
> By contrast, where the injuries were both (a) immediate and direct and (b) a natural and probable result of the alleged negligent act, courts have found an obvious causal connection. See, e.g., Neison v. Hines, 653 A.2d 634 (Pa. 1995) (finding that soft tissue damage, cervical sprain, and herniated disc after an automobile accident were injuries of a type that naturally and normally cause pain and should have been considered by a jury as causally connected); Fenstermaker, 171 A.2d at 642–43 (finding an obvious causal connection where the plaintiff had neck, shoulder and

elbow pain that developed shortly after an auto accident, and doctor prescribed a neck brace and leather collar).

In <u>Burton v. Price</u>, No. 09-288, 2013 WL 5274811, at *6-7 (W.D. Pa. Sept.18, 2013), the district court held that medical records and two single-page opinion letters authored by a physician were insufficient to establish the required causal connection between an automobile accident and certain of the plaintiff's alleged injuries. The medical documentation offered at trial reflected that two days after the accident, the plaintiff complained of "acute neck and back pain secondary to muscle strain post motor vehicle accident." <u>Id.</u> The opinion letters established that the plaintiff suffered neck and back pain from the accident, but further opined that the plaintiff suffered carpal tunnel syndrome and numbness in the left leg due to the accident. The district court concluded that the letters were insufficient because the authoring physician failed to provide the medical bases or reasoning to support his conclusion and, apart from his opinion, there was no evidence in the record suggesting the claimed wrist and nerve injuries. In addition, the defendant's expert concluded that carpal tunnel would have nothing whatsoever to do with a minor rear-end injury and, instead, was likely attributable to plaintiff's employment "picking product from an assembly line." <u>Id.</u>

In the instant case, the causal connection between the accident and complaints related to an inguinal hernia five months later is not obvious nor so closely connected that a lay person could diagnose. Thus, expert medical testimony is required to establish within a reasonable degree of medical certainty that the hernia stemmed from the accident at issue. <u>Hamil v. Bashline</u>, 392 A.2d 1280, 1285 (Pa. 1978). Progressive presents the expert medical opinion of Dr. Randall R. Draper, M.D., who disputes any connection between the accident and Plaintiff's inguinal hernia given the absence of any documented abdominal injuries or tenderness at the time of the accident or at the time Plaintiff followed up with his primary care physician. ECF No. 57-2 at 3. Dr. Draper further

opines that a traumatic inguinal hernia is exceedingly rare and "there are almost always concomitant intraabdominal injuries" that require urgent operative intervention. Id.

Under the circumstances presented, in the absence of any expert medical testimony to connect Plaintiff's hernia to the accident, Plaintiff has failed to meet his burden of proof. Thus, Plaintiff may not present evidence or pursue a claim at trial for his inguinal hernia.

For each of the foregoing reasons, IT IS HEREBY ORDERED THAT the Motion in Limine filed on behalf of Progressive Specialty Insurance Company to preclude Plaintiff from asserting any claim for hernia injuries regarding this accident, ECF No. 57, is GRANTED.

MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE

Dated: January 13, 2023

cc:     All counsel of record by Notice of Electronic Filing